IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| RICHARD EDMUND SURGENT, | § § § | Case No. 03-80806-G3-7 |
| Debtor. | § | |

### TRUSTEE'S EMERGENCY MOTION TO STRIKE OBJECTION TO TRUSTEE'S SECOND MOTION TO APPROVE SALE OF MINING INTERESTS AND REQUEST FOR ENTRY OF SALE ORDER

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE TRUSTEE HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION.

**To the Honorable Letitia Z. Clark,**
**United States Bankruptcy Judge:**

Robbye Waldron, chapter 7 trustee of the estate of Richard Edmund Surgent, files this emergency motion to strike the objection filed by U.S. American Resources, Inc. and John D. Owen (the "Movants") to the Trustee's Second Motion to Approve Sale of Mining Claims/Patents and Request for Entry of Sale Order.

## SUMMARY OF THE TRUSTEE'S MOTION

1. On March 19, 2007, the Trustee filed his second motion to sell certain mining claims/patents owned by the estate. The second motion was necessitated due to the Movants' failure to close a sale in accordance with the Court's sale order entered January 10, 2007.

2. The motion is unopposed by creditors and is at the sale price previously approved by the Court. In a bad-faith effort to delay the sale, the Movants have filed a frivolous objection to the sale motion. The objection should be summarily stricken for lack of standing. The Trustee expressly reserves his right to seek sanctions against the Movants and their counsel for filing a frivolous objection. Inasmuch as the required 20-day notice period has elapsed, the Trustee's motion is unopposed and the sale price has previously been determined to be adequate, the Trustee requests that the form of order submitted at Docket No. 115 be entered approving the sale.

## REQUEST FOR EMERGENCY CONSIDERATION

3. The Trustee requests emergency consideration of this motion. It is in the estate's best interest to consummate an immediate sale of the estate's mining claims. The Movants are continuing to damage the estate's property in violation of a court order. No legitimate interest will be affected by emergency consideration.

## FACTUAL BACKGROUND

4. The debtor filed a voluntary chapter 7 case on July 3, 2003 [Docket No. 1]. The Trustee is the duly appointed chapter 7 trustee in the case.

5. On April 21, 2004, the Trustee filed an adversary complaint seeking title to certain mining interests/patents. By summary judgment entered October 17, 2006, this Court determined that the mining claims/patents were estate property.

6. On November 13, 2006, the Trustee filed his motion to sell the mining interests/patents to the Movants [Docket No. 101]. The motion was approved by order dated January 10, 2007 [Docket No. 108]. The Movants failed to close and instead, continued their wrongful occupation and theft of estate property. Despite a restraining order entered by this Court, the Movants continue to occupy the estate's property to this day. A contempt hearing is presently scheduled. At that hearing, the Trustee is requesting that Mr. Owen be incarcerated until full compliance with the Court's order is forthcoming.

7. On March 19, 2007, the Trustee filed his second motion to sell [Docket No. 115]. The sale price is $500,000—the exact sale price previously approved by this Court as being fair and reasonable. The purchaser has deposited $100,000 earnest money with the Trustee and has stated that he is ready to close. Except for the pleading filed by the Movants, the motion is unopposed.

### Request to Strike

8. The Movants have no standing to object to the proposed sale. The Movants are not creditors and are not otherwise aggrieved parties. The Movants are simply disgruntled bidders who, having failed to abide by the Court's original sale order, seek to prevent a sale to a third-party purchaser. A disgruntled bidder has no standing to object to a proposed sale to a third party. *In re HST Gathering Co.*, 125 B.R. 466, 468 (W.D. Tex. 1991); *In re Broadmoor Place Invs.*, 994 F.2d 744, 746 (10th Cir. 1993).

9. The Movants attempt to argue that the proposed purchaser is somehow contractually precluded from purchasing the estate's interests. Such an argument is nonsense. Moreover, the agreement on which the Movants rely concerns the estate's property on which the Movants have been and are currently trespassing.

10. The true motive behind the filing of the objection can be found in paragraph 2 of the objection. Counsel represents that the Movants will obtain their financing by April 30, 2007. This same promise was made to the Trustee in January, February and March. While irresponsible, the representation exhibits the Movants' true motive—delay at all costs. Contained in the motion is an interesting admission that the Movants' financing was lost in November, 2006, yet representations to the contrary were made to the Trustee in January and February, 2007. It is also interesting to note that the State of California has recently contacted the Trustee regarding the Movants' practices of obtaining "financing" with respect to similar mining claims in the area.

11. The Movants further state that they spent "considerable sums of money so that the claims can have marketable title such as repairing the air conditioning to the property's main building." Such a statement is utter nonsense. Moreover, it reflects the Movants' continued and illegal occupation of the estate's property.

12. The Movants have no standing to complain about the pending sale. The objection filed by the Movants is frivolous and intended only to create delay. The pleading should be immediately stricken. Accordingly, the Trustee requests that the Court (i) strike the objection at Docket No. 122; (ii) grant the Trustee's motion to sell at Docket No. 115 and enter the proposed form of order submitted with the motion; and (iii) grant such other relief as is just.

Dated: April 9, 2007.

Respectfully submitted,

**Porter & Hedges, L.L.P.**

By: _/s/ David R. Jones ECF_

David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

Holly T. Williamson
SBN 24003181 /S.D. Tex. No. 21759
Waldron & Schneider, L.L.P.
University Park
15150 Middlebrook Drive
Houston, Texas 77058
Phone: (281) 488-4438
Fax: (281) 488-4597
**Attorneys for the Trustee**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to Ernest Leonard, Friedman & Feiger, L.L.P., 5301 Spring Valley Road, Suite 200, Dallas, Texas 75254 and well as all registered ECF users appearing in this case on the 9th day of April, 2007.

_/s/ David R. Jones ECF_
David R. Jones