IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

APR 1 6 2007

Michael N. Milby, Clerk of Court

IN RE: §
§
RICHARD EDMUND SURGENT, § Case No. 03-80806-G3-7
§
Debtor. §

## ORDER APPROVING SALE OF MINING CLAIMS/PATENTS

The Court has considered the Trustee's Second Motion to Approve Sale of Mining Claims/Patents. The Court has also considered the objection and offer by Kyle Tauch. The Court finds that the offer by Mr. Tauch is superior to the existing offer and is in the best interest of the bankruptcy estate and its creditors. The Court finds that adequate notice of the motion and the hearing on the motion have been given to all creditors and parties-in-interest in this case. The Court finds that the sale to Mr. Tauch is in the best interests of the estate. The Court further finds that Mr. Tauch or his assigns is a good faith purchaser of the Property and is entitled to all of the protections afforded by 11 U.S.C. § 363(m). The Court also finds that U.S. American Resources, Inc. ("USAR") has defaulted under the Court's order entered January 11, 2007 [Docket No. 108]. Accordingly, it is

**ORDERED THAT:**

1. The Trustee's Second Motion to Approve Sale of Mining Claims/Patents is **GRANTED** as follows.

2. USAR has no rights in the property sold hereunder. All claims against USAR related to the mining claims/patents arising prior to Closing, including those claims set forth in Adversary Proceeding No. 07-8003 shall remain estate property and are excluded from the assets being sold to the Buyer.

3. The Trustee is authorized to sell to Kyle Tauch or his assignee designated in writing to the Trustee by Mr. Tauch (collectively, the "Purchaser") all of the estate's right, title and interest in and to the following mining claims/patents from the surface to a depth of forty (40) feet below the surface including all improvements, mine dumps and tailings dumps located thereon in Yavapai County, Arizona:

| Claim Name | Patent No. | Patent Issue Date | Mineral Survey | Mineral Certificate | Record Date | Book | Page |
|---|---|---|---|---|---|---|---|
| Niagara | 18634 | 10-06-1891 | 880 | 191 | 12-19-1891 | 30 | 484 |
| Ohio | 27181 | 06-23-1896 | 1190 | 288 | 03-18-1897 | 41 | 107 |
| Golden Eagle | 27227 | 07-03-1896 | 1191 | 289 | 03-18-1897 | 41 | 100 |
| Rich Quartz | 27182 | 06-23-1896 | 1192 | 291 | 03-18-1897 | 41 | 97 |

| Claim Name | Patent No. | Patent Issue Date | Mineral Survey | Mineral Certificate | Record Date | Book | Page |
|---|---|---|---|---|---|---|---|
| Incline | 27228 | 07-03-1896 | 1193 | 290 | 03-18-1897 | 41 | 94 |
| Excelcior or Excelsior | 21242 | 05-11-1892 | 921 | 218 | 02-14-1894 | 33 | 620 |
| Why Not | 18636 | 10-06-1891 | 882 | 193 | 12-19-1891 | 30 | 493 |

4. The Trustee is authorized to sell to Purchaser all of the estate's right, title and interest in and to the Old State Mining Claim as conveyed to the Trustee pursuant to this Court's Order Approving Compromise entered February 15, 2005 [Docket No. 85].

5. In exchange, Purchaser shall pay to the Trustee the sum of $520,000 (the "Purchase Price"). Purchaser has previously made a non-refundable deposit of $120,000 with the Trustee which shall be credited at Closing. The entire Purchase Price shall be paid at Closing. Closing shall occur within 10 business days of the entry date of this Order. If the Purchaser does not close on sale after the entry of this Order approving him as Purchase, the deposit shall be non-refundable. If, for any reason, the Purchaser is not the successful bidder, the deposit shall be returned to the Purchaser immediately.

6. Purchaser shall be responsible for all closing costs, including the cost of a title policy, all transfer taxes and all unpaid *ad valorem* taxes, if any, on the property conveyed hereunder.

7. Except as set forth in paragraph 9 below, all transfers directed hereunder shall be free and clear of all liens, claims, interests and encumbrances including but not limited to (i) Claim of Lien by Josephine Surgent in the amount of $200,000, recorded October 1, 2003 in Book 4080 of Official Records, Page 105; (ii) Judgment for Attorney's Fees in favor of 1188045 Ontario Ltd. in the amount of $40,123.50, recorded August 2, 2004 in Book 4173 of Official Records, Page 163; (iii) Memorandum of Agreement Between Grace Development Company and John Hogle, Sr., Melvin Bangle and John Edward Stevens recorded June 19, 2006 in Book 4407 of Official Records, Page 873; (iv) Promissory Note to Andrea Corporation in the amount of $200,000 recorded August 9, 2006 in Book 4424 of Official Records, Page 131; (v) Notice of Claim and Lien by Les Bender in the amount of $170,000 recorded September 26, 2006 in Book 4438 of Official Records, Page 822; (vi) any community property rights of Cynthia Surgent; and (vii) any right or claim of USAR. Any such liens, claims, interests and encumbrances shall attach to the sale proceeds in their existing state and priority and subject to all defenses thereto. Any party asserting such a lien, claim, interest or encumbrance shall file a pleading with the Bankruptcy Court setting forth the basis of such lien, claim, interest or encumbrance within 15 days of the entry date of this Order or such lien, claim, interest or encumbrance shall be waived. Any party that previously filed a pleading in response to the Court's Order entered January 11, 2007 [Docket No. 108] need not file any additional pleadings.

8. Except for the foregoing, the sale shall be made "as is, where is" with no representations or warranties of any kind.

9. All transfers directed hereunder shall be, and hereby are, made subject to any properly recorded easements, mineral royalties, rights of egress and ingress and rights of entry, including, if properly recorded and valid, the royalty interests, if any (and any rights, interests, claims and encumbrances arising therefrom), of Sandra J. Olson, the Olson Family Limited Partnership, William Joseph O'Connor, Mary C. McGrath Revocable Trust UTA July 11, 1995, W.M. Dennison and Mary Jane Dennison, HWJT, Justin Richard O'Connor and the J.C.H. Family Trust (collectively "the Royalty Claimants"),[1] and the transfer documents shall so provide. Upon closing, Purchaser shall enjoy the benefits and rights granted under the preliminary injunction entered on April 12, 2007 in Adversary Proceeding No. 07-8003 and shall be entitled to enforce the injunction.

10. Upon the consummation of the sale, except to the extent preserved in paragraph 9, above, all persons holding any lien, claim, interest or encumbrance against or in the debtor, the mineral claims/patents of any kind or nature whatsoever are forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the Purchaser or the mining claims/patents purchased hereunder.

11. The Trustee and its representatives and attorneys are hereby authorized and empowered to carry out all of the provisions of this Order and to issue, execute, deliver, file and record as appropriate such documents as may be reasonable and necessary to consummate the sale of the mineral claims/patents, including a special warranty deed, in accordance with Arizona law and to take any action contemplated by this Order.

12. Except to the extent preserved in paragraph 9, above, if any person or entity that has filed financing statements, mortgages, mechanics liens, abstracts, *lis pendens* or other documents evidencing a lien, claim, interest or encumbrance in or against the mineral claims/patents purchased hereunder shall not have delivered to the Trustee prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims, interests or encumbrances, the filing or recording of a certified copy of this Order shall constitute conclusive evidence of the release of all liens, claims, interests or encumbrances in the mineral claims/patents.

13. The Court retains ~~exclusive~~ jurisdiction to interpret and enforce the provisions of this Order and the transactions contemplated herein.

14. The sale contemplated herein is being undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal prior

---

[1] The Royalty Claimants' royalty interests are evidenced by the Assignment dated October 10, 1989 from Congress Consolidated Gold Mining Corporation. Ltd, assignor, to Magic Circle Energy Corporation, assignee, with exhibits (recorded 4/27/92, Yavapai County, Arizona Book 2477 at Page 87), the incorporated exhibits/documents thereto, and the various Assignments dated August 1, 1996 from Magic Circle Energy Corporation, assignor, to the Royalty Claimants, as assignees (recorded 8/28/96, Yavapai County, Arizona Book 3267 at Pages 963 through 977).

to the closing. Purchaser is a good faith purchaser of the Property and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

15. The Court has determined that the stay imposed by Bankruptcy Rule 6004(g) shall not apply to the transactions contemplated by this order, for good cause shown, and this Order shall be effective and enforceable immediately upon entry.

16. The Trustee is authorized to return the $100,000 deposit made by James McLennon/Robert L. Patton, Jr.

SIGNED this __13__ day of __Apr__, 2007.

_____
THE HONORABLE LETITIA CLARK,
UNITED STATES BANKRUPTCY JUDGE

AGREED:

_____
Counsel for the Trustee

_____
Counsel for the Purchaser