IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| RICHARD E. SURGENT, | ) ) | CASE NO. 03-80806-G3-7 |
| Debtor, | ) ) | |

## MEMORANDUM OPINION

The court has held a hearing on its Order to Show Cause (Docket No. 215) why this court should not dismiss or abstain, or alternatively transfer venue to the United States Bankruptcy Court for the District of Arizona, of the "Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 203) and the "Supplemental Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 212) filed by Rock Bottom, LLC.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered transferring the two motions to the United States Bankruptcy Court for the District of Arizona.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Richard E. Surgent ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 3, 2003.

Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

On April 21, 2004, Trustee filed a complaint, in Adversary Proceeding No. 04-8012, asserting that Debtor had fraudulently conveyed various mining interests[1] in Arizona to several entities, including, <u>inter alia</u>, Grace Development Company ("GDC"), a trust organized under Nevada law.

On August 15, 2006, U.S. American Resources, Inc. ("USAR") filed a complaint, in Adversary Proceeding No. 06-8035, for a declaratory judgment and seeking specific performance of an alleged agreement by GDC to sell the mining interests to USAR.

On August 25, 2006, GDC commenced a forcible detainer action in the Arizona Superior Court against USAR. USAR removed the action to this court on September 1, 2006, in Adversary Proceeding No. 06-8045.

By summary judgment entered on October 17, 2006, this court determined, <u>inter alia</u>, that the mining interests were property of the Surgent bankruptcy estate. (Docket No. 120, Adv. No. 04-8012).

On November 13, 2006, Trustee moved for approval of a sale of the mining interests to USAR. The motion was granted in part, by order entered January 10, 2007. (Docket No. 108). That order authorized the Trustee to sell the mining interests to USAR

---

[1] The property is described in several of the motions as "mining claims/patents." For convenience, the court refers to the property as "mining interests."

or its assignee for $500,000, and required that the closing occur within 10 business days after entry of the order.

On March 9, 2007, Trustee filed the complaint in Adversary Proceeding No. 07-8003.  In the complaint, Trustee asserted that USAR and John D. Owen, USAR's founder, president, and chief executive officer, failed to close the purchase, yet asserted that USAR was the owner of the mining interests.

After this court entered a temporary restraining order against USAR and Owen in Adversary No. 07-8003, Trustee filed in the instant Chapter 7 case a second motion for approval of a sale of the mining interests.  In the second motion, filed on March 19, 2007, Trustee sought to sell the mining interests to James McLennon/Robert L. Patton, Jr. or their assignees for $500,000.  (Docket No. 115).

On April 9, 2007, Kyle Tauch objected to the second motion to sell, in light of his offer of $520,000.  (Docket No. 128).  After a contested hearing, this court entered an order on April 13, 2007 granting in part Trustee's second motion to sell.  The order determined:  "USAR has no rights in the property sold hereunder."  The order authorized Trustee to sell the estate's interest to Tauch or his designee for $520,000.  The sale was approved free and clear of liens.  (Docket No. 139).

On May 14, 2007, Trustee moved for an amendment of the order authorizing the sale.  The amendment, which was approved by

order entered June 12, 2007, restructured the sale, such that the Trustee sold to Tauch's designee Rock Bottom LLC ("Rock Bottom") an option to purchase the estate's mining interest for $1,000, exercisable until October 31, 2007.  Rock Bottom paid $527,500 to Trustee as a nonrefundable option payment.

In its "Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 203) and "Supplemental Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 212), Rock Bottom argues that U.S. American Stone and Materials, Inc. ("USASM")[2], purportedly a wholly-owned subsidiary of USAR, has falsely claimed, in its own Chapter 11 disclosure statement and in an adversary proceeding filed in its Chapter 11 case, that it now owns the Surgent bankruptcy estate's mining interests.  Rock Bottom asserts that USASM claims that Rock Bottom acquired its interest for the benefit of USAR, which interest was then conveyed from USAR to USASM.  Rock Bottom also asserts that USASM is the alter ego of USAR and/or Owen.

The motions filed by Rock Bottom are supported by unauthenticated documents that purport to be copies of USASM's Chapter 11 disclosure statement and the adversary complaint filed

---

[2]On February 27, 2007, after the court had authorized the first sale to USAR, and before Trustee had sought relief in light of USAR's failure to close the purchase, USASM filed a voluntary petition under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Texas.  The case has been transferred to the United States Bankruptcy Court for the District of Arizona, and remains pending in that court.

4

by USASM against Rock Bottom and others in the United States Bankruptcy Court for the District of Arizona, and a transcript of a hearing before the United States Bankruptcy Court for the District of Arizona.  On the basis of these unauthenticated documents, Rock Bottom argues that the United States Bankruptcy Court for the District of Arizona has deferred to this court for ruling on the matters presented.

## Conclusions of Law

Under 28 U.S.C. § 1412, the court may transfer a case or proceeding to another district, in the interest of justice or for the convenience of the parties.[3]

Under Section 541(a)(1) of the Bankruptcy Code, the bankruptcy estate of a debtor includes all legal and equitable interests of the debtor in property as of the commencement of the case.

Under 28 U.S.C. § 1334(e)(1), the court in which a case is pending has exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

---

[3]This court disagrees with the holding in In re Terra Villa Apts., Ltd. 101 B.R. 755 (Bankr. N.D. Fla.) that the transfer provisions do not apply to a contested matter.  However, to the extent such is necessary, this court has determined, pursuant to Bankruptcy Rule 9014, that the adversary proceeding rules, including Bankruptcy Rule 7087, should apply to the two motions filed by Rock Bottom, in light of the alter ego issue.  Under Bankruptcy Rule 7087, the court may transfer a portion of an adversary proceeding to another district. See In re Pilgrim's Pride Corp., --- F.Supp ----, 2009 WL 3011224 (N.D. Tex. 2009).

Although this court has heard significant proceedings regarding the continuing efforts of USAR and/or Owen since 2005-2006 to exercise control over the mining interests in question, which show a disregard by USAR and/or Owen, to this court's order determining that USAR had no interest in the property; the question of whether USASM is an alter ego of USAR or Owen is one related to the determination of whether property and debts of those entities should validly be considered as property and debts of USASM in its Chapter 11 case.  Such a determination is within the exclusive jurisdiction of the United States Bankruptcy Court for the District of Arizona.[4]  Moreover, a determination (whether made by this court or by the United States Bankruptcy Court for the District of Arizona) of whether USAR and Owen have violated this court's orders must necessarily await a determination of whether USAR and Owen are the same entity as that whose Chapter 11 case is before the United States Bankruptcy Court for the District of Arizona.  The court concludes that the two motions (Docket Nos. 203, 212) filed by Rock Bottom should be transferred to the United States Bankruptcy Court for the District of Arizona.  The United States Bankruptcy Court for the District of

---

[4]This court notes that the record is inconclusive as to whether the parties have presented the alter ego issue to the United States Bankruptcy Court for the District of Arizona.  The transfer of the two motions filed by Rock Bottom resolves any doubt that there will be pleadings to support that court's exercise of its exclusive jurisdiction in determining whether USAR and/or Owen is an alter ego of USASM.

Arizona may determine, after addressing the alter ego matters set forth in the two motions, whether to transfer the two motions back to this court for resolution, in light of that court's determination.

Based on the foregoing, the court will enter a separate Judgment transferring the "Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 203) and the "Supplemental Motion to Enforce Order of Court and Impose Sanctions" (Docket No. 212) filed by Rock Bottom, LLC to the United States Bankruptcy Court for the District of Arizona.

Signed at Houston, Texas on November 19, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE